CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
for Roanoke
MAR 0 8 2006
JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE WILLIAM HILLMAN,<br><br>　　　　　　　　　　　　*Petitioner,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　*Respondent.* | CIVIL ACTION NO. 7:05-CV-00234<br>CRIM. ACTION NO. 6:03-CR-70078<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, and the government's Motion to Dismiss. For the reasons set forth below, the Court will grant the Motion to Dismiss.

### I. BACKGROUND:

On May 1, 2003, a member of the Amherst Police Department pulled Petitioner George Hillman's ("Hillman") car over after observing the vehicle weaving back and forth in its lane. The police officer asked Petitioner for his consent to a pat-down search, and Petitioner consented. During the search, the officer discovered marijuana in Petitioner's pocket, and Petitioner then admitted that there was a marijuana cigarette in the ashtray of the car. Given this information, the police officer searched the vehicle and found cocaine base in the center console. The police arrested Petitioner, and found an additional 91 grams of cocaine base on Petitioner's person during a search incident to arrest. Guilty Plea Tr. at 10.

A grand jury in the Western District of Virginia charged Petitioner with possession of more than 50 grams of cocaine base with intent to distribute on June 17, 2003. On March 12, 2004, Petitioner pleaded guilty to the charge under a written plea agreement. In that agreement, Petitioner waived his rights of collateral attack. After a rule 11 plea colloquy, the Court accepted Hillman's plea, and later sentenced Petitioner to 120 months incarceration, followed by 5 years of supervised release. On April 25, 2005, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. The government has responded, and the matter is now ripe for decision.

## II. DISCUSSION:

The government first argues that Petitioner has waived his right to file a habeas corpus petition, and thus the case should be dismissed. A defendant may waive the right to attack his conviction and sentence collaterally. *United States v. Lemaster,* 403 F.3d 216, 220 (4th Cir. 2005). However, courts may only enforce such a waiver if the waiver is knowing and intelligent. *Id.* In this case, a waiver of collateral attack rights was contained in the written plea agreement. Plea Agreement, at 6. At the Rule 11 plea colloquy, Hillman's lawyer confirmed that he had gone over the agreement with Petitioner, and the prosecutor mentioned the waiver of collateral attack rights in a summary of the agreement. Guilty Plea Tr. at 8–9. When asked, Petitioner stated that the summary was not any different from his understanding of the agreement. *Id.* at 9. Thus, Petitioner's sworn statements in court indicate that his waiver was knowing and voluntary. *See Lemaster*, 403 F.3d at 220.

Moreover, even if Hillman's waiver had been involuntary, he could not succeed on a claim of ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, the

2

Petitioner must meet a two-pronged test. First, Hillman must show that his counsel's performance was below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668 (1984). This is a heavy burden, as there is a strong presumption that counsel has rendered competent assistance. *Strickland*, 466 U.S. at 690. Second, Petitioner must demonstrate that but for counsel's deficient performance, there is a reasonable probability that the outcome of the case would have been different. *Id., Moody v. Polk*, 408 F.3d 141, 146 (4th Cir. 2005). In this case, Petitioner must show that, but for his attorney's mistakes, he would have gone to trial rather than pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Here, the actions of Petitioner's attorney were not below an objective standard of reasonableness. Petitioner argues that his attorney should have filed a motion to suppress the drugs at issue. Such a motion would have been, at best, a long shot. Petitioner appears to contend that the police officer needed a reasonable suspicion in order to search him. However, the police officer did not need a reasonable, articulable suspicion in order to ask Petitioner for his consent to a search. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973) ("In situations where the police have some evidence of illicit activity, but lack probable cause to arrest or search, a search authorized by valid consent may be the only means of obtaining important and reliable evidence.") Petitioner admits that he consented to the search. Thus, the only issue remaining is whether the consent was voluntarily given. Courts determine voluntariness by looking at the totality of circumstances. *Id.* at 249. Petitioner argues that he was not free to refuse, because he was alone at night with several policemen; however, the Supreme Court has upheld the validity of consents in similar circumstances. *See Florida v. Bostick*, 501 U.S. 429 (1991) (police who requested a search while aboard a bus did not violate defendant's Fourth

3

Amendment rights); *Schneckloth*, 412 U.S. 218 (upholding validity of a consensual search of an automobile after a traffic stop). Thus, it was reasonable of Petitioner's lawyer to decide that a motion to suppress would be fruitless, and Petitioner cannot meet the requirements of the *Strickland* test.

### III. CONCLUSION:

Accordingly, the government's Motion to Dismiss shall be granted. An appropriate order shall issue this day.

ENTERED: _/s/ Norman K. Moon_
United States District Judge

Date: March 8, 2006

4